IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

GREGORY ALAN RITTER,

                Defendant.

Case No. 18 CR 874

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendant Gregory Ritter brings a Motion to Compel Prosecution (Dkt. Nos. 72, 76), a Motion to Suppress (Dkt. No. 75), and a Motion to Dismiss the indictment for violating the Sixth Amendment and the Speedy Trial Act (Dkt. No. 78). For the reasons stated herein, the Motion to Compel and Motion to Dismiss are denied. The Motion to Suppress is denied in part as moot and continued in part to the motion hearing date, which the Court will set at the next status hearing.

## I.  BACKGROUND

Defendant Gregory Ritter ("Ritter") is accused of robbing a bank. Magistrate Judge Gilbert issued an arrest warrant for Ritter on December 20, 2018. (Warrant, Dkt. No. 5.) On December 27, 2018, FBI agents found Ritter at a hotel in New York City, where they detained him in the lobby and searched his two hotel rooms and his vehicle. Ritter signed a document consenting to the searches.

(Signed Consent to Search Form, Ex. A to Pl.'s Resp., Dkt. No. 79-1.) Ritter has been in custody since his arrest. During that time, he has undergone a competency evaluation (Dkt. No. 63), filed many pretrial motions (*See, e.g.,* Mot. for Dismissal, Dkt. No. 46; Mot. to Suppress Contents of Hotel Room, Vehicle and Storage Unit, Dkt. No. 44; and Mot. to Suppress Pictures and Videos, Dkt. No. 40) and been represented by three different court-appointed attorneys. Ritter currently has court-appointed standby counsel and now moves *pro se* to compel the prosecution of a man he alleges attacked him at the Metropolitan Correctional Center, to suppress evidence obtained during a search of his hotel rooms and vehicles in New York City, and to dismiss the indictment against him pursuant to the Speedy Trial Act and the Sixth Amendment.

## II.  DISCUSSION

*Pro se* complaints and motions are to be construed liberally and held to less stringent standards than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.  Motion to Compel Prosecution

Ritter moves the Court to compel the Government to prosecute a man who allegedly attacked him at the Metropolitan Correctional Center in Chicago. However, decisions "to indict, allege specific charges, or dismiss charges [are] inherently an exercise of executive power," not of judicial power. *United States v. Martin*,

287 F.3d 609, 623 (7th Cir. 2002). The judiciary's "check on the prosecutorial power is a very limited one," and the Court "cannot compel prosecutions." *Id.* For this reasons, Ritter's Motion to Compel Prosecution is denied.

## B.  Motion to Dismiss

### 1.  *Speedy Trial Act*

Ritter further moves to dismiss the indictment for Speedy Trial Act (the "Act") and Sixth Amendment violations. (Def.'s Mot. to Dismiss, Dkt. No. 78.) The Act provides that an indictment must be filed within 30 days of the date that the individual was arrested or served with a summons. 18 U.S.C. § 3161(b). It also provides that if a defendant pleads not guilty, the trial on the indictment must commence within 70 days of the filing date or the date when the defendant appears before the Court, whichever date occurs later. 18 U.S.C. § 3161(c)(1). However, the Act provides several circumstances in which "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). These include delay resulting from proceedings to determine the mental competency of the defendant, delay resulting from pretrial motions, and when there is a finding that justice is served by the exclusion of time. 18 U.S.C. §§ 3161(h)(1)(A), (1)(D), (7)(A).

Delays are excludable in the interest of justice only if the Court makes findings enumerated in the statute but delays for circumstances enumerated in §§ 3161(h)(1)-(5) are excluded automatically without any independent judicial finding. *See Bloate v. United States*, 559 U.S. 196, 203 (2010).

Ritter argues that he never consented in writing to any delays, and that by law his trial must commence no later than 70 days from the date of either charges being filed or the indictment, whichever is later. Because he had been detained for 270 days as of September 27, 2019, Ritter argues that the Act requires the Court to dismiss with prejudice the charges against him.

However, all the time since Ritter's arraignment on January 28, 2019, has been properly excluded. Time from January 28 to February 28 was excluded for pretrial motions pursuant to § 3161(h)(1)(D). (Dkt. Nos. 32, 39, 40.) Time from February 28 to May 23 was excluded pursuant to §§ 3161(h)(7)(A), (B). (Dkt. Nos. 48, 53, 55). Time from May 23 to July 30 was excluded pursuant to §§ 3161(h)(7)(A), (B) and for a mental competency examination under § 3161(h)(1)(A). (Dkt. Nos. 62, 63.) Time from July 30 to October 9 was excluded pursuant to §§ 3161(h)(7)(A), (B). (Dkt. Nos. 67, 69.) And time from October 9 until the present has been excluded under § 3161(h)(1)(D) for the purpose of considering

Ritter's pretrial motions. (Dkt. Nos. 72, 75, 76, 78.) Thus, all time since Ritter's arraignment has been properly excluded.

More to the point, many of these exclusions have been for the purpose of allowing Ritter time to meet with his multiple court-appointed attorneys and to give him time to file his many *pro se* pretrial motions. Ritter has to date not made a demand to go to trial under the Act; on the contrary, Ritter himself has been responsible for the delay. For that reason, he cannot now argue that the charges against him must be dismissed.

### 2. Sixth Amendment

Ritter also asserts that his Sixth Amendment rights have been violated by the delay. The Sixth Amendment guarantees "the right to a speedy and public trial." U.S. Const. amend. VI. Courts weigh four factors in deciding whether an unjust delay has occurred: (1) the length of the delay; (2) whether the government is responsible for the delay; (3) whether the defendant has requested to proceed to trial; and (4) whether the defendant has been prejudiced by the delay, specifically with respect to whether the delay has impaired his defense. *Barker v. Wingo*, 407 U.S. 514, 530–34 (1972).

Here, Ritter has been detained for ten months. The delays have been for the purpose of allowing Ritter to meet with his court-appointed attorneys and to prepare pretrial motions. Ritter has never requested to commence his trial faster; he instead seeks

to avoid it altogether. The Court has given Ritter time and opportunities to meet with his lawyers and prepare motions in his defense, which has been helped rather than hindered by the delay. That is, the delay has not been unreasonable or attributable to the Government, and Ritter's defense has not been prejudiced by the delay. These circumstances do not amount to a Sixth Amendment violation. Thus, Ritter's Motion to Dismiss is denied.

### C. Motion to Suppress

Ritter moves to suppress evidence recovered during a search of his hotel rooms and vehicle and to suppress statements he made to FBI agents following his arrest. Ritter consented to the searches. (Signed Consent to Search Form.) For the consent to be valid, it must have been given voluntarily. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Whether a defendant voluntarily consented to a search is a "factual determination" in which a court must consider the "totality of the circumstances." *United States v. Ruiz*, 785 F.3d 1134, 1146–47 (7th Cir. 2015). In making this determination, the Court must consider: "[the defendant's] age, education, and intelligence; whether he was advised of his constitutional rights; how long he was detained prior to consent; whether he consented immediately or after police made several requests; whether the police used physical coercion; and whether he was in custody." *Id.* at 1146.

Ritter does not dispute that he consented to the search but claims that his consent was involuntary because at the time he was under duress and experiencing physical symptoms and anxiety. The Government has requested an evidentiary hearing limited to the issue of whether Ritter gave his consent voluntarily. Because the question of whether consent was voluntary is a factual question, a suppression hearing is warranted.

Ritter also moves to suppress statements he made to FBI agents following his arrest. Because the Government has stated that it does not intend to use at trial any statements Ritter made following his arrest, this portion of Ritter's motion is denied as moot. Pursuant to its disclaimer, the Government will not be allowed to use Ritter's post-arrest statements to the FBI at trial.

## III.   CONCLUSION

For the reasons stated above, Defendant Gregory Ritter's Motion to Compel Prosecution (Dkt. Nos. 72, 76) is denied. His Motion to Dismiss (Dkt. No. 78) is also denied. Finally, Ritter's Motion to Suppress (Dkt. No. 75) is denied in part as moot and continued in part pending a hearing.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: November 4, 2019